

FILED

04/25/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0223

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0223

FILED

APR 2 5 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DOREEN KING AND JAMES D. KING,
a/k/a JIM KING,

      Petitioners,

  v.

MONTANA NINTH JUDICIAL DISTRICT
COURT, HONORABLE BRENDA GILBERT,
presiding,

      Respondent.

O R D E R

Doreen King and James D. King (Kings) have filed a Petition for Writ of Supervisory Control, seeking review of the judgment and other orders, including a writ of execution, entered in Ninth Judicial District Court in the matter *of In Re The Estate of Elda Marble, Jerry Marble, Personal Representative v. Doreen King and James King, d/b/a Jim King*, Pondera County Cause No. DV 18-58. Kings offer extensive argument and attach more than 500 pages of exhibits in support of their petition. They request that this Court vacate the judgment and writ of execution, and order that wages previously executed upon be returned to them.

Notably, direct appeal of this estate-related matter is now pending, wherein Kings filed their opening brief on December 27, 2022, and Appellee Jerry Marble, personal representative of the subject estate, filed an answer brief on February 27, 2023. *In Re Estate of Elda Marble, et. al.*, Cause No. DA 22-0284. Kings' reply brief, which is an optional filing under the Rules of Appellate Procedure, was originally due on or about March 14, 2023. Kings moved for a 60-day extension to file their reply brief, which this Court denied, ordering that Kings would have until April 12, 2023 to file their reply brief, and that no further extensions would be granted. However, Kings have not filed their reply brief, and they ask for an extension of time to do so "if it becomes necessary" and request

a stay of the judgment. This Court previously denied Kings' request for an extension of time to file a motion for stay in the appeal because the request was improperly and untimely filed before this Court. *In re the Estate of Elda Marble*, No. DA 22-0284, Order (Mont. Jan. 27, 2023).

Kings make extensive argument about the facts of their history with the Decedent, and their dealings with the estate's personal representative. They challenge the District Court's entry of summary judgment, including its ruling on their claim that the statute of limitations expired on the claims against them. However, these are the matters that are currently being challenged in the pending appeal. As their opening brief contends, the District Court's denial of their "motion to dismiss incorrectly applied the statute of limitations. . . .The Court erred again by granting summary judgment based on incompetent evidence. . ." While the Kings contend the urgency of the matter is "making the remedy of the current appeal process moot," this Court has no ability to assess Kings' many factual assertions outside review of the entire record and within the context of the District Court's rulings challenged on appeal, all of which are provided in the appeal.

Supervisory control is an extraordinary remedy. Besides urgent and emergency factors, a writ of supervisory control must meet at least two other criteria. This writ is sometimes justified when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate, and when the court is proceeding under a mistake of law and is causing a gross injustice, or constitutional issues of state-wide importance are involved. M. R. App. P. 14(3)(a)-(c). We do not exercise supervisory control where there are issues of fact because this Court is not a fact-finding body. It is readily apparent from a review of the Kings' Petition that virtually all of their complaints are fact-driven and subject to dispute. The Kings should have filed their optional reply brief by April 12, as ordered by the Court, rather than expending effort on a supervisory control petition that does not satisfy the Rules. Accordingly,

2

IT IS ORDERED:

1.      The Petition for Writ of Supervisory Control is DENIED and DISMISSED;

2.      The Request for additional time to file the reply brief is DENIED, as moot; and

3.      Request for a Stay is DENIED.

The Clerk is directed to provide a copy of this Order to: the Honorable Brenda Gilbert, Ninth Judicial District Court; Laurie Eisenzimer, Clerk of District Court, Pondera County; counsel of record; and Doreen King and James D. King personally.

DATED this 25ᵗʰ day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3